# CIVIL CODE
# OF THE DOMINICAN REPUBLIC
# 2017

TRANSLATED INTO ENGLISH WITH AN INTRODUCTION AND INDEX

*ALSO INCLUDES APPENDED SELECTED PROVISIONS OF SPECIAL LAWS ALSO TRANSLATED INTO ENGLISH*

BY
Julio Romañach, Jr.
Attorney at Law

**LAWRENCE PUBLISHING COMPANY**

FIU LAW LIBRARY

LAW
GEN
KGA
1054.3188
.A5213
2017

# CIVIL CODE OF THE DOMINICAN REPUBLIC 2017

### TRANSLATED INTO ENGLISH WITH AN INTRODUCTION AND INDEX

*ALSO INCLUDES APPENDED SELECTED PROVISIONS
OF SPECIAL LAWS ALSO TRANSLATED INTO ENGLISH*

**BY**
**Julio Romañach, Jr.**
**Attorney at Law**
B.A., J.D. Louisiana State University
Member of the Louisiana and Florida Bars

Contains legislative updates, reflected in official sources, as of June 1, 2017

**LAWRENCE PUBLISHING COMPANY**
**PO BOX 14089**
**BATON ROUGE, LA  70898-4089**
**USA**

**TELEPHONE:  (225) 767-4619**              **FACSIMILE:  (225) 769-7515**

**EMAIL:  books@pjlawrence.com**

www.pjlawrence.com


JAN 2018 RECEIVED FIU Law Library

©2017
COPYRIGHT 2017
Julio Romañach, Jr., All Rights Reserved

ES PROPIEDAD

No part of this publication may be reproduced in whole or in part, or stored in a retrieval system, or transmitted in any form or by any means, including but not limited to, electronic, mechanical, photocopying, recording, scanning, digitizing, web distribution, networks, information storage and retrieval systems or otherwise without advance written permission of the copyright holder and the publisher. For information regarding permission, write to Lawrence Publishing Company, PO Box 14089, Baton Rouge, LA 70898-4089 USA.

ISBN-10 1-4004-0035-X
ISBN-13 978-1-4004-0035-5

PUBLISHED BY LAWRENCE PUBLISHING COMPANY

Printed in the U.S.A.



## Introduction

The Civil Code of the Dominican Republic, which was originally derived from the Code Napoleon, has been in full force and effect since 1884.

This Code, amended on multiple occasions since its original promulgation, remains a plentiful repository of civil law rules. While some archaic provisions, primarily in the area of the Code dealing with family law, have been expressly repealed or repealed by implication by the enactment of codes and statutes dealing with the same subject matters, most of the original rules that remain in full force and effect have withstood the test of time, retaining the clarity of exposition and substantive relevance that they had when originally enacted. This is particularly true in the area of property law (Book Two of the Civil Code), the general principles of contract law (known as the law of obligations in the civil law), and several fundamental special contracts such as sale, mandate (agency), and partnership.

The law of divorce is fundamentally dealt with outside the Civil Code. The rules currently in force, according to official sources, are set forth in Appendix A of this publication.

Other areas of family law, such as parental authority, custody, visitation rights, child support, and the law of adoption are now dealt with comprehensively outside the Civil Code, since the enactment of the *Code for the System of Protection and Fundamental Rights of Boys, Girls, and Adolescents* in 2003. The fundamental parts of this Code dealing with family law are reproduced in Appendix B of this publication. Both Appendices A and B are further addressed later in this introduction following a summary of the structure of the Civil Code.

The Civil Code remains the centerpiece of the Dominican Republic's civil law system. It provides default rules for many private law transactions, and its provisions are applicable by analogy throughout the legal order. A summary of the structure of the Civil Code follows.

### Structure of the Civil Code

Following the French model, the Civil Code of the Dominican Republic consists of approximately two thousand articles divided into a preliminary title and three books as follows.

### Preliminary Title

The Preliminary Title, "Of the Publication, Effects, and Application of Laws In General," consists of six articles, only one of which has been amended since the Code's original enactment. The other five articles retain the pristine Napoleonic text, and are as relevant and useful today as they were when Napoleon promulgated the Code Civil in 1804. Two of the three articles deserve special mention: Article two, which sets forth the principle of the nonretroactivity of laws, and Article six, which provides that laws that concern public order and good customs cannot be abrogated by private agreement. The last provision is of capital importance: it establishes at the outset a public law limit to the basic principle permeating the Civil Code, which is the autonomy of the will, exemplified

## Section 3
## Of Presumptions

### ¶ One
### Of Presumptions Established by Law

**Article 1349**. Presumptions are the consequence that the law or the judge deduces from a known fact to an unknown one.

**Article 1350**. Legal presumption is that which is attached by a special law to certain acts or facts, such as:
First. Acts which the law declares to be null, as presumed to have been made in fraud of its dispositions, from their nature alone.
Second. Cases in which the law declares ownership or discharge to result from certain particular circumstances.
Third. The authority attributed by law to res judicata (the thing adjudged).
Fourth. The force which the law attaches to the confession of a party or to his oath.

**Article 1351**. The authority of res judicata does not take place except with respect to what has been the object of the judgment. It is necessary that the thing demanded should be the same; that the demand be grounded on the same cause; that the demand should be between the same parties, and made by them in the same capacity.

**Article 1352**. Legal presumption dispenses with all proof in favor of the party for whose benefit it is established. No proof is admitted against legal presumption when, on the basis of such presumption, the law nullifies certain acts or denies judicial action, unless it allows evidence to the contrary, and saving what will be provided regarding the judicial oath and the judicial confession or admission.

### ¶ Two
### Of Presumptions that Are Not Established by Law

**Article 1353**. Presumptions which are not established by law are committed to the discretion and prudence of the magistrate, who must only admit presumptions that are serious, precise, and concordant, and only in those cases in which the law allows testimonial proof, unless the act is impugned on grounds of fraud or deceit.

## Section 4
## Of the Admission of a Party

**Article 1354**. A confession or admission raised against a party is judicial or extrajudicial.

**Article 1355**. An allegation of a purely oral extrajudicial confession or admission is useless in all cases involving a demand in which testimonial proof would not be admissible.

**Article 1356**. A judicial confession is a declaration made in court by a party or his agent with special power of attorney. It furnishes full proof against the party who made it. It cannot be divided against him. It cannot be revoked, unless it is proven that it proceeded from an error of fact. But it cannot be revoked under claim of an error of law.

## Section 5
## Of Oath

**Article 1357**. A judicial oath is of two kinds:
First. One which a party defers or tenders to the other, in order to make the judgment in the case depend thereon; it is called decisory oath.
Second. That what is administered on his own motion by the judge to either of the parties.

### ¶ One
### Of Decisory Oath

**Article 1358**. A decisory oath can be tendered on any kind of dispute whatsoever.

**Article 1359**. It can only be tendered on a fact that is personal to the party to whom it is tendered.

**Article 1360**. It can be tendered at any stage of the proceedings, even though there exist no commencement of proof of the demand or of the defense over which it is claimed.

**Article 1361**. The party to whom the oath is tendered who refuses it or who does not consent to tender it in return to his adversary, or the adversary to whom it has been tendered in return who refuses it, must lose in his demand or exception.

**Article 1362**. The oath cannot be tendered in return when the fact which is the object thereof does not lie between the two parties, but is purely personal to him to whom the oath was originally tendered.

**Article 1363**. When the oath tendered or referred in return has been taken, the adversary is not allowed to prove the falsity thereof.

**Article 1364**. The party who has tendered the oath or referred it in return is not allowed to retract after the adversary has declared that he is ready to take such oath.

**Article 1365**. The oath, when taken, is proof in favor of the party tendering it, or against him, and in favor of his heirs or assigns, or against them.
   Nevertheless, the oath tendered by one of several solidary (joint and several) obligees to the debtor only discharges the latter for the share of such creditor.
   The oath tendered to the principal debtor equally discharges the sureties.

The oath tendered to one of the solidary (joint and several) obligors benefits the co-obligors.

And one tendered to a surety benefits the principal obligor.

In the latter two cases, the oath of the solidary (joint and several) obligor or of the surety does not benefit the other co-obligors, or the principal obligor, except when it has been tendered in regard to the debt, and not with respect to the fact of solidarity (joint and several bond) or the security.

### ¶ Two
### Of the Oath Officially Tendered

**Article 1366**. The judge may tender the oath to one of the parties, either to make the decision of the case depend thereon, or simply in order to determine the amount of the judgment.

**Article 1367**. The judge cannot tender the oath on his own motion, either upon the demand or the exception raised in opposition thereto, except subject to the two following conditions. It is necessary:
First. That the demand or exception not be fully proven.
Second. That they not be totally devoid of proof.

Except in these two cases, the judge must either render a decision or reject the claim unconditionally.

**Article 1368**. The oath tendered by the judge to one of the parties on his own motion cannot be offered in return by such party to the other.

**Article 1369**. An oath regarding the value of the thing that is the object of the demand cannot be tendered by the judge to the plaintiff, except when it is impossible to verify such value by any other means.

The judge must, in this case, determine the amount up to which the plaintiff should be believed on his oath.

### TITLE IV
### OF ENGAGEMENTS FORMED WITHOUT CONTRACT

**Article 1370**. Certain engagements are formed without the intervention of any agreement, either on the part of the person that obligates himself, or that of the person regarding whom he has become bound.

Some result by operation of law; others from a fact personal to the party that is bound.

The former are engagements formed involuntarily, such as those between neighbors that are property owners, and those of tutors and other administrators that are not at liberty to refuse the functions cast upon them.

The engagements that result from a fact personal to the person that has become bound result from quasi-contracts or from delicts or quasi-delicts. These engagements shall form the subject of the present title.

### Chapter I
### Of Quasi-Contracts

**Article 1371**. Quasi-contracts are the purely voluntary acts of man from which any engagements whatsoever towards a third person, and sometimes a reciprocal engagement for both parties, result.

**Article 1372**. When a person voluntarily manages the affairs of another, whether the owner is aware of such management or not, the person who manages contracts the tacit commitment to continue it and to complete it until the owner is able to provide for it himself; he must also take the charge of all matters dependent on the same affair.

He subjects himself to all obligations which would result from an express mandate (agency) given him by the owner.

**Article 1373**. He is obligated to continue his management, even if the owner dies before the affair is completed, until the heir is capable of taking the direction thereof.

**Article 1374**. He is bound to perform his management with the care of a prudent administrator. However, the circumstances that led the manager to take charge of the affair may authorize the judge to moderate the damages that may result from the fault or negligence of the gestor.

**Article 1375**. The principal whose business has been well administered must fulfill the engagements that the manager (gestor) has made in his name, must indemnify him for all personal engagements that he has contracted, and reimburse him for all useful or necessary expenses.

**Article 1376**. A person that mistakenly or knowingly receives that which is not due him is obligated to return it to the party from whom he has unduly received it.

**Article 1377**. When a person that mistakenly believes himself to be a debtor pays a debt, he has a claim for recovery against the creditor. However, this right terminates in the case where the creditor has destroyed his title as a consequence of the payment, saving the remedy of the party paying against the real debtor.

**Article 1378**. If there has been bad faith on the part of the person receiving payment, he is bound to restore not only the capital, but also the interest or fruits from the day of payment.

**Article 1379**. If the thing unduly received is an immovable or a corporeal movable, the person that received it is bound to restore it in kind, if it is in existence; or to give its value

if it has perished or deteriorated by his fault. He is also responsible for the loss of the item when it perishes as the result of a fortuitous event if he received it in bad faith.

**Article 1380**. If the person that received the thing in good faith has sold it, he is only bound to return the proceeds of the sale.

**Article 1381**. A person to whom the thing is restored must reimburse, even to the possessor in bad faith, the useful and necessary expenses incurred for its preservation.

## Chapter II
## Of Delicts and Quasi-Delicts (Torts)

*Note: The subject of vicarious liability of parents for the torts of their children is now comprehensively dealt with in the Code for the System of Protection and Fundamental Rights of Boys, Girls, and Adolescents. See Article 69 of that Code.*

**Article 1382**. Any act of man that causes damage to another obligates the person by whose fault it happened to repair it.

**Article 1383**. Every person is liable for the harm he has caused, not only by his own act, but also by his negligence or imprudence.

**Article 1384**. A person is liable not only for the damage caused by his own act, but also by that caused by acts of persons for whom one must respond or things under one's custody.

The father, and the mother after the husband's death, are liable for the damage caused by their minor children that live with them.

Employers and principals are liable for the damage caused by their servants and agents in the performance of their functions.

Teachers and artisans are liable for the damage caused by their students and apprentices during the time they are under their vigilance.

The above stated liability obtains unless the father, the mother, the teachers, and the artisans prove that it has been impossible for them to prevent the act giving rise to their liability.

**Article 1385**. The owner of an animal or the person that avails himself thereof, during the time of the use, is liable for the damage caused by the animal, whether such damage occurs when the animal is under his custody, or after it has been lost or escaped.

**Article 1386**. The owner of a building is liable for the damage caused by its ruin, when it has taken place as a result of his fault or as a result of a vice of construction.

# TITLE V
# OF THE MARRIAGE CONTRACT AND
# OF THE RESPECTIVE RIGHTS OF THE SPOUSES

## Chapter I
## General Provisions

**Article 1387**. The law does not regulate the conjugal partnership with respect to property, except in the absence of special agreements that the spouses may enter into as they consider proper, provided that the agreements are not contrary to good customs, and also, subject to the following modifications.

**Article 1388**. The spouses cannot derogate the rights conferred on the surviving spouse by the title relating to the authority of the father and the mother, and the one on minority, tutorship, and emancipation, nor the prohibitory provisions of the present Code.
*As Amended by Law No. 189 of 2001.*

**Article 1389**. Nor can they make any agreement or renunciation the object of which is to alter the legal order of successions, whether with reference to the spouses themselves in the succession of their children or descendants, or in relation to the children among themselves; without prejudice to donations inter vivos or by testament, which they can make in accordance with the forms and in the cases provided in the present Code.

**Article 1390**. The spouses cannot stipulate, in general, that their marriage is to be governed by any law that is not in force in the Republic.

**Article 1391**. They may, however, stipulate in general terms, that they marry subjecting themselves to the community regime or to the dotal regime. In the first case, and under the community regime, the rights of the spouses and the heirs shall be governed by the provisions of the second chapter of the present title. In the second case, and under the dotal regime, the rights of the parties shall be governed by the provisions of the third chapter. However, if the act of celebration of marriage expresses that the marriage has taken place without a contract, the wife shall be considered, with respect to third persons, as capable of contracting, in accordance with the ordinary rules, unless in the act containing her agreement she had declared that she had entered into a matrimonial contract.

**Article 1392**. The mere stipulation that the wife is endowed or that assets are constituted as dowry for her is not sufficient to subject the assets involved to the dotal regime, unless there is an express declaration in the matrimonial contract relating thereto; nor is there a submission to the dotal regime by the mere declaration made by the spouses that they marry without a community or that they are to be separate in property.

**Article 2222**. A person that cannot alienate cannot renounce prescription either.

**Article 2223**. Judges cannot raise ex officio the exception that results from prescription.

**Article 2224**. Prescription can be raised at any stage of the proceedings, even before the Supreme Court, unless the circumstances give rise to the presumption of a renunciation of prescription on the part of he who has not raised it.

**Article 2225**. Creditors or any other person with an interest in the prescription being acquired may raise it, even if the debtor or owner renounces it.

**Article 2226**. The ownership of things that are not in commerce cannot be acquired by prescription.

**Article 2227**. The State, the public establishments, and the municipalities are subject to the same prescriptions as private individuals, and may raise prescription in the same manner as the latter.

### Chapter II
### Of Possession

**Article 2228**. Possession is the occupation or enjoyment of a thing or of a right that we have or exercise by ourselves, or by another that holds the thing or exercises the right in our name.

**Article 2229**. In order to prescribe, a continuous and uninterrupted possession that is peaceful, public, unequivocal, and under title of owner is necessary.

**Article 2230**. It is presumed that a person always possesses by himself and as owner, unless one started by possessing for another.

**Article 2231**. When a person started to possess for another, it is always presumed that he continued to possess under the same title, in the absence of proof to the contrary.

**Article 2232**. Acts of mere permission and those of simple tolerance cannot form the basis of possession or prescription.

**Article 2233**. Nor can acts of violence be the foundation of a possession capable of producing prescription.

Effective possession does not commence until the violence has ceased.

**Article 2234**. A current possessor who proves that he previously possessed is presumed to have possessed in the intervening time, in the absence of proof to the contrary.

**Article 2235**. To complete a prescription, one can tack to one's own possession the possession of one's predecessor, regardless of the manner in which he succeeded the predecessor, whether by universal or particular title, or under onerous or gratuitous title.

### Chapter III
### Of the Causes that Prevent Prescription

**Article 2236**. Persons that possess for another never acquire ownership by prescription, regardless of the length of time that may have elapsed.

Accordingly, a lessee, a depositary, a usufructuary, and others who precariously hold the thing of the owner cannot acquire it by prescription.

**Article 2237**. Nor can the heirs of those who possessed by virtue of any of the titles set forth in the preceding article acquire by prescription.

**Article 2238**. Nevertheless, the persons mentioned in Articles 2236 and 2237 may acquire ownership by prescription if the title of their possession is modified, either by an act of a third person, or by an adverse claim raised against the right of the owner by them.

**Article 2239**. Persons to whom the lessees, depositaries, and other precarious holders have transferred the thing by means of a title translative of ownership can acquire ownership by prescription.

**Article 2240**. A person cannot acquire ownership by prescription against his own title, in the sense that a person cannot change as to himself the cause and nature of his possession.

**Article 2241**. A person can acquire ownership by prescription against his own title in the sense that the discharge of the obligation contracted is obtained by prescription.

### Chapter IV
### Of the Causes that Interrupt or Suspend the Running of Prescription

### Section 1
### Of the Causes that Interrupt the Running of Prescription

**Article 2242**. Prescription may be interrupted naturally or civilly.

**Article 2243**. A natural interruption occurs when the possessor is deprived from the enjoyment of the thing for more than one year, whether by the former owner or by a third person.

**Article 2244**. Civil interruption is realized by a judicial citation, an order, or an attachment served on the person whose prescription one wants to prevent.

prescription shall be of only ten years when it is applied to tracts owned in common that are the object of tax roll curing; and the period is reduced to five years when the person raising prescription proves that he commenced and maintained possession, under the status of shareholder of the co-owned site involved.

When the period of prescription to which this law refers commenced to run prior to the promulgation of the same, time transpired shall be computed in accordance with the dispositions in force during this period, and the rest shall be computed in accordance with the modification introduced by the present law.
*As Amended by Law No. 585 of October 24, 1941.*

**Article 2263**. After eighteen years from the date of the last title, the debtor may be compelled to provide a new instrument to his creditor or assignee.
*As Amended by Law No. 585 of October 24, 1941.*

**Article 2264**. The rules of prescription relating to things different from those mentioned in the present title are explained in the titles that apply to them.

### Section 3
### Of the Prescription of Five Years and Ten Years

**Article 2265**. A person that acquires an immovable in good faith and by a just title prescribes the property by prescription in five years if the true owner lives in the district where the immovable is situated, and ten years if he is domiciled outside the district.
*As Amended by Law No. 585 of October 24, 1941.*

**Article 2266**. If the true owner has had his domicile inside and outside the district at different times, it is necessary, in order to complete the prescription, to add to what is missing from the five years of presence, twice the number of years of deficiency to complete the first five years.
*As Amended by Law No. 585 of October 24, 1941.*

**Article 2267**. A title which is null by reason of a vice in form cannot serve as the basis for prescription of five and ten years.
*As Amended by Law No. 585 of October 24, 1941.*

**Article 2268**. Good faith is always presumed and the person that alleges bad faith has the burden of proving it.

**Article 2269**. It is sufficient that good faith existed at the time of acquisition.

**Article 2270**. After the passing of five years, architects and contractors are discharged from the warranty for the major works that they have made or directed.
*As Amended by Law No. 585 of October 24, 1941.*

### Section 4
### Of Certain Special Prescriptions

**Article 2271**. The actions of teachers and instructors of sciences and the arts for the lessons they give per month; that of innkeepers and hoteliers for the lodging and food they provide; that of workers and day laborers for the payment of their wages, provisions, and salaries prescribe in six months.
Sole Paragraph. The action for quasi-delictual civil liability the prescription of which had not been expressly fixed by law for a longer period prescribes in six months, counted from the moment the action arises.

However, in cases in which, due to certain circumstances, the exercise of the action becomes legally or judicially impossible, the term shall not be counted during the time the impossibility lasts.
*As Amended by Law No. 585 of October 24, 1941.*

**Article 2272**. The action of physicians, surgeons, and pharmacists for their appointments or visits, surgeries, and medications; that of bailiffs and process servers for their fees for the acts they notify of and the commissions they perform; that of merchants, for the merchandise they sell to non-merchant private individuals; that of directors of schools for the tuition fees of their pupils; and that of other teachers for the price of teaching; and that of servants hired by the year for the payment of their salaries, prescribe in one year.
Paragraph. The action for delictual civil liability the prescription of which had not been expressly fixed by law for a longer period prescribes in one year, counted from the moment the action arises.

However, in cases in which, due to certain circumstances, the exercise of the action becomes legally or judicially impossible, the term shall not be counted during the time the impossibility lasts.
*As Amended by Law No. 585 of October 24, 1941.*

**Article 2273**. The action of attorneys for the payment of their expenses and fees prescribes in two years, counted from the day of the judgment or conciliation of the parties, or after their employment contract is terminated. Regarding unfinished affairs, they cannot bring an action for expenses and fees after the passing of five years.

The action for civil contractual liability the prescription of which had not been expressly fixed by law for a longer period prescribes in two years, counted from the moment the action arises. However, in cases in which, due to certain circumstances the exercise of this action becomes legally or judicially impossible, the term shall not be counted during the time the impossibility lasts.

**Article 2274**. In the cases expressed, prescription takes place even when there has been a continuation of supplies, delivery, services, and works. It continues to run, except when there is a liquidated account, receipt, or obligation, or a judicial citation that has not lapsed.