### United States District Court for the Southern District of Florida

Case No. 20-CIV-80123-RAR

Maria Magdalena Alvarez Galvez,      :
individually and as the Guardian of her   :
minor children, Heisha Munoz and Clamil  :
Munoz, et al.,                       :
                                 :
               v.              :
                                      :
Fanjul Corp., and Central Romana      :
Corporation, Ltd.,                     :

**<u>Plaintiffs' Objections to the Report and Recommendation on Defendant's Motion to Dismiss (ECF No. 63) and Plaintiffs' Cross-Motion for Jurisdictional Discovery (ECF No. 68)</u>**

Plaintiffs, Maria Magdalena Alvarez Galvez, et al., hereby submit these Objections to the Report and Recommendation [D.E. 74] on Defendant's Motion to Dismiss [D.E. 63] and Plaintiffs' Cross-Motion for Jurisdictional Discovery [D.E. 68].

**I.      Introduction and Background Facts**

In this case, the Plaintiffs, all residents of the Dominican Republic, seek compensation for damages they sustained when an armed force created by Fanjul Corp. ("Fanjul") and Central Romana Corporation, Ltd. ("Central Romana") forcibly evicted them from their homes on January 26, 2016.  In the Amended Complaint, Plaintiffs assert three claims under the law of the Dominican Republic and five claims under Florida law.  Fanjul moved to dismiss the Amended Complaint in its entirety.  Plaintiffs responded to the Motion to Dismiss and filed a Cross-Motion to Conduct Jurisdictional Discovery.  Fanjul responded to Plaintiffs' Cross-Motion for Jurisdictional Discovery.  Plaintiffs filed a Reply Memorandum in support of their Cross-Motion for Jurisdictional Discovery.  On August 4, 2021, Magistrate Judge Bruce Reinhart filed a Report and Recommendation (the "Report and Recommendation") recommending that Fanjul's Motion

to Dismiss be granted and that Plaintiffs' Cross-Motion for Jurisdictional Discovery be denied.

Plaintiffs object to the Report and Recommendation in its entirety.

II.    **Plaintiffs object to the Magistrate Judge's finding that Plaintiffs failed to meet their burden of alleging new facts sufficient to support their theory of vicarious liability or that an agency relationship existed between Fanjul and Central Romana.**

Plaintiffs explained in their Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Amended Complaint how the allegations of the Amended Complaint sufficiently support their vicarious liability and agency theories.  Plaintiffs will not repeat those arguments here.  It is apparent, however, from the Report and Recommendation that the Magistrate has placed an insurmountable pleading burden on the Plaintiffs with respect to those theories.  The burden imposed by the Magistrate is not justified by either *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), or *Ashroft v. Iqbal,* 556 U.S. 662 (2009).  The Magistrate essentially faults the Plaintiffs for not alleging smoking gun evidence of the control and domination exercised by Fanjul over Central Romana.  *See*, *e.g*., Report and Recommendation at 11 n. 5 ("[T]here is no evidence that Fanjul had the power to direct Central Romana to do anything….Fanjul's failure to issue directives does not establish that it ratified Central Romana's conduct, let alone that Fanjul acknowledged Central Romana was acting on its behalf.").  For example, the only way to obtain evidence that such such directives were not, but could have been, made by Fanjul would be to proceed with merits discovery.  That discovery would entail an examination of relevant Fanjul and Central Romana corporate board committee minutes, emails between relevant officers, and the like.  The Magistrate, however, expects the Plaintiffs to have that evidence already, without the benefit of traditional discovery directed towards indicia of corporate governance and control.

Interestingly, the Magistrate apparently concedes that the new allegations in the Amended Complaint and the exhibits attached thereto provide ***some*** support for the Plaintiffs'

allegation that Fanjul exercised "control and dominance" over Central Romana.  *See* Report and Recommendation at 9-10 ("Plaintiffs repeatedly refer to the 'control and dominance' Fanjul has over Central Romana, but they do not cite to any new facts to support these allegations; nor do the exhibits attached to the Amended Complaint provide ***sufficient*** support.").  However, the Magistrate also apparently believes that ***some*** support is not the same as ***sufficient*** support, although it is entirely unclear what the difference between those two characterizations might be.  Instead, the Magistrate effectively imposes on the Plaintiffs the burden of ***proving*** the "control and domination" element in the Amended Complaint – a requirement not contained in either *Iqbal* or *Twombly*.

In addition, and specifically with respect to the Plaintiffs' agency theory of liability, when the Magistrate "[put] aside whether ratification through acquiescence is sufficient to establish acknowledgement of an agency relationship", *see id*. at 11 n.5, in finding that the Plaintiffs' allegations do not establish acknowledgement by Fanjul that Central Romana would act on its behalf, he effectively disbelieved the Plaintiffs' pleaded facts and theory that Fanjul's acquiesced in Central Romana's actions, ignored the international outcry about those actions, and failed to direct Central Romana to take action to correct them.  It is not the province of the Magistrate to disbelieve those facts.  Those facts were well-pled, and the case law requires that they be accepted as true.

### III.   Plaintiffs object to the Magistrate Judge's conclusion that there is no basis for jurisdictional discovery.

Plaintiffs rest on the arguments advanced in their Memorandum of Law and Reply Memorandum of Law in Support of their Cross-Motion to Conduct Jurisdictional Discovery as the basis of their objection to the Magistrate Judge's conclusion that there is no basis for jurisdictional discovery.

IV.     Conclusion

For the foregoing reasons, Plaintiffs, Maria Magdalena Alvarez Galvez, et al., respectfully request that the Court reject the Report and Recommendation, and deny Fanjul's Motion to Dismiss the Amended Complaint.  In the alternative, Plaintiffs request that the Court grant their Cross-Motion for Leave to Conduct Jurisdictional Discovery on the Issue of Vicarious Liability and to Defer a Ruling on Defendant's Motion to Dismiss the Amended Complaint, and grant them a period of at least 90 days to take discovery concerning their contention that Fanjul Corp. is vicariously liable for the conduct of Central Romana under general agency principles and alter ego theory.


Respectfully submitted,


  *s/Shauna M. Curphey*
Shauna M. Curphey, Esq. (FBN 0109667)
scurphey@curpheylaw.com
Curphey Law
6300 North Wickham Road, Suite 130, #305
Melbourne FL 32940
Tel: (503) 241-2848


            and

Robert T Vance Jr, Esq. (admitted *pro hac vice*)
rvance@vancelf.com
Law Offices of Robert T Vance Jr
100 South Broad Street, Suite 905
Philadelphia PA 19110
Tel: (215) 557-9550

*Attorneys for the Plaintiffs*

4