UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-80123-RAR

**MARIA MAGDALENA ALVAREZ GALVEZ**, *et al*.,

    Plaintiffs,

v.

**FANJUL CORP.**,

    Defendant.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION, DENYING JURISDICTIONAL DISCOVERY, AND DISMISSING CASE

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Bruce Reinhart's Report and Recommendation [ECF No. 74] ("Report"), filed on August 4, 2021. The Report recommends that the Court grant Defendant's Motion to Dismiss the Amended Complaint [ECF No. 63] and deny Plaintiffs' Cross-Motion for Leave to Conduct Jurisdictional Discovery [ECF No. 68]. *See* Report at 1; 13. The Report properly notified the parties of their right to object to Magistrate Judge Reinhart's findings. *Id.* at 13. Plaintiffs timely filed Objections to the Report [ECF No. 75] ("Objections") on August 18, 2021. The Court having reviewed the Report, the Objections, and the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Report [ECF No. 74] is **AFFIRMED AND ADOPTED** as explained herein.

## LEGAL STANDARD

This Court reviews *de novo* the determination of any disputed portions of the Magistrate Judge's Report. *United States v. Powell*, 628 F.3d 1254, 1256 (11th Cir. 2010). Any portions of the Report to which no specific objection is made are reviewed only for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A proper objection "identifie[s] specific findings set forth in the [Report] and articulate[s] a *legal* ground for objection." *Leatherwood v.*

*Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010) (alterations and emphasis added; citations omitted).

## ANALYSIS

Upon due consideration of the record, including Judge Reinhart's Report and Plaintiffs' Objections thereto, the Court overrules the Objections and adopts the Report. The Objections primarily take issue with the Report's application of pleading standards under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See* Obj. at 2. But a review of the Report clearly indicates that Magistrate Judge Reinhart properly applied the foregoing pleading standards in this case and correctly concluded that Plaintiffs' allegations still fail to sufficiently allege Fanjul's purported "control and dominance" over Central Romana. *See* Report at 9. Specifically, as noted in the Report, Plaintiffs' allegations ask the Court to speculate and infer that Fanjul "had the power and right" to "direct" Central Romana to "remedy" the situation at issue. *Id.* at 10.

Further, in a misguided effort to bolster Plaintiffs' agency theory, the Amended Complaint merely avers that "Central Romana was acting as Fanjul's agent with respect to the unlawful evictions [because] it accepted the undertaking to act as Fanjul's agent in connection with the unlawful evictions, and it was subject to Fanjul's control with respect to the unlawful evictions." Am. Compl. [ECF No. 56] ¶ 55. These assertions—wholly unsupported by factual allegations—consist of quintessential legal conclusions and are thus insufficient to state a claim. *See Hall v. HSBC Mortg. Servs., Inc.*, 581 F. App'x 800, 803 (11th Cir. 2014) ("Hall's assertions of causation and damages amount only to conclusory statements and legal conclusions couched as factual allegations and, as such, do not suffice [to state a claim]."); *Trujillo v. Florida*, 481 F. App'x 598, 600 (11th Cir. 2012) ("Trujillo's complaint contains only legal conclusions couched as factual allegations, and the district court was not bound to accept such legal conclusions.").

Even where Plaintiffs' statements in the Amended Complaint do not consist of *purely* legal conclusions, they nevertheless fall short of crossing the line from possibility to plausibility. *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."); *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 694 (11th Cir. 2016) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). As noted in the Report, the Amended Complaint relies on "information and belief" to assert that Fanjul supervised Central Romana employees and determined their land acquisition policies. *See* Report at 10. But these allegations are not entitled to the assumption of truth. *See Scott v. Experian Info. Sols., Inc.*, No. 18-60178, 2018 WL 3360754, at *6 (S.D. Fla. Jun 29, 2019) ("Conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard.") (citation omitted). And simply asserting that Fanjul was a minority shareholder does not indicate or suggest it had the power to direct Central Romana to do anything. *See Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011) ("Legal conclusions without adequate factual support are entitled to no assumption of truth."); *Womack v. Carroll Cty., Ga.*, 840 F. App'x 404, 405 (11th Cir. 2020) "[W]e need not accept as true the plaintiff's legal conclusions, including those couched as factual allegations."). Indeed, the Amended Complaint is devoid of any *factual* allegations suggesting that Fanjul was behind the evictions at issue or that Fanjul ever acknowledged that Central Romana would act on its behalf in conducting the evictions. *See* Report at 10-11.

In sum, many of the pleading deficiencies identified in this Court's Order Granting Motion to Dismiss [ECF No. 53] persist. And given that Fanjul's liability in this case is wholly predicated on Plaintiffs' theory of vicarious liability and/or the existence of an agency relationship between Fanjul and Central Romana, Magistrate Judge Reinhart was correct in concluding that the

Amended Complaint must be dismissed in its entirety. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citation omitted).

Lastly, the Court concurs with the Report's conclusion that Plaintiffs' request to conduct "jurisdictional" discovery is, in actuality, an effort to engage in merit-based discovery. *See* Report at 12 ("Post-filing discovery is not a substitute for pre-filing investigation and factual development."). Given that merits-based discovery is limited to evidence relevant to well-pled claims, Magistrate Judge Reinhart correctly denied Plaintiffs' request. *See* Fed. R. Civ. P. 26(b)(1)

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Objections [ECF No. 75] are **OVERRULED**.

2. The Report [ECF No. 74] is **AFFIRMED AND ADOPTED**.

3. Defendant's Motion to Dismiss [ECF No. 63] is **GRANTED**.

4. Plaintiffs' Cross-Motion for Leave to Conduct Jurisdictional Discovery [ECF No. 68] is **DENIED**.

5. This action is **DISMISSED**. The Clerk is instructed to **CLOSE** this case. Any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 31st day of August, 2021.

_____
RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE